IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANCE STANDARD LIFE<br>INSURANCE COMPANY  : | |
| : | |
| Plaintiff  : | CIVIL ACTION NO. 07-655 SLR |
| : | |
| v.  : | |
| : | |
| JERMEASE ROSS and  : | |
| TERESA GONZALEZ  : | |
| : | |
| Defendants  : | |

## RESPONSE OF RELIANCE STANDARD LIFE INSURANCE COMPANY
## TO MOTION FOR SUMMARY JUDGMENT
## OF DEFENDANT TERESA GONZALEZ

Comes now, plaintiff Reliance Standard Life Insurance Company ("Reliance Standard") by and through its undersigned counsel, who hereby responds to the Motion for Summary Judgment of Defendant Teresa Gonzalez. In support of this response, Reliance Standard avers as follows:

### Background Facts

1. Admitted in part; denied in part. It is admitted that Reliance Standard commenced this action on October 19, 2007.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted upon information and belief.

6. Admitted.

7. Admitted.

8. Admitted.

9.    Admitted.

## Standard of Review

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted in part; denied in part. It is admitted that as of the time of the filing of this response, no response contra the assertions in the moving papers has been received. While Reliance Standard is not in possession of any materials contra the assertions in the moving papers, the deadline for a response by defendant Jermease Ross ("Ross") has not lapsed as of the time of this filing.

14.    Admitted in part; denied in part. It is admitted that unless evidence contra the facts set forth in the moving papers is submitted by defendant Ross, this matter is ripe for summary judgment. To the extent that the deadline for a response by defendant Ross has not lapsed as of the time of this filing, the allegations contained within this paragraph are denied.

## Argument

15.    Admitted in part; denied in part. Reliance Standard does not dispute the provisions of the "Slayers Statute". It was the contention of entitlement as between defendant Gonzalez and defendant Ross which promulgated the filing of the present action. Reliance Standard, as the interpleader, takes no position with regards to who is entitled to receive the remaining policy proceeds and looks to the Court for guidance.

16.    Admitted in part; denied in part. Reliance Standard does not dispute the provisions of the "Slayers Statute". It was the contention of entitlement as between

defendant Gonzalez and defendant Ross which promulgated the filing of the present action. Reliance Standard, as the interpleader, takes no position with regards to who is entitled to receive the remaining policy proceeds and looks to the Court for guidance.

17.     Admitted in part; denied in part. Reliance Standard does not dispute the provisions of the "Slayers Statute". It was the contention of entitlement as between defendant Gonzalez and defendant Ross which promulgated the filing of the present action. Reliance Standard, as the interpleader, takes no position with regards to who is entitled to receive the remaining policy proceeds and looks to the Court for guidance.

18.     Admitted.

19.     Admitted in part; denied in part. Reliance Standard does not dispute the provisions of the "Slayers Statute". It was the contention of entitlement as between defendant Gonzalez and defendant Ross which promulgated the filing of the present action. Reliance Standard, as the interpleader, takes no position with regards to who is entitled to receive the remaining policy proceeds and looks to the Court for guidance.

### Contentions of Reliance Standard

20.     Reliance Standard does not disagree that someone, either defendant Gonzalez, as guardian of the minor children, or defendant Ross, is entitled to the remaining policy proceeds, hence the filing of the interpleader action on October 19, 2007.

21.     As to the relief sought by defendant Gonzalez, the moving papers request "interest" on the remaining policy proceeds.

22.     Reliance Standard does not dispute that an obligation to pay interest to the person or persons who ultimately prevail in this action exists.

23. Reliance Standard however contends that any award of interest is contractually limited to 3% per year, as set forth in the applicable insurance contract. (see Exhibit B of the moving papers page 8.15).

WHEREFORE, Reliance Standard Life Insurance Company respectfully requests that in rendering its decision in this matter, that the Court's Order reflect the 3% per annum rate set by the contract.

RAWLE & HENDERSON, LLP

By: *[signature]*
George T. Lees III, Esquire (I.D. # 3647)
glees@rawle.com
300 Delaware Avenue – Suite 1015
P.O. Box 0588
Wilmington, DE 19899-0588
(302) 778-1200
Attorneys for Plaintiff,
Reliance Life Insurance Company

**Of Counsel**
Joshua Bachrach, Esquire
RAWLE & HENDERSON, LLP
40 Lake Center Executive Park
Suite 200, 401 Route 73
Marlton, NJ 08053
(856) 797-8915

2464100-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RELIANCE STANDARD LIFE  :
INSURANCE COMPANY :
 :
       Plaintiff : CIVIL ACTION NO. 07-655 SLR
 :
       v. :
 :
JERMEASE ROSS and :
TERESA GONZALEZ :
 :
       Defendants :

**ORDER**

AND NOW, this _____ day of _____, 2008, the Court having reviewed the submissions of the parties regarding the remaining proceeds of the policy of insurance issued by plaintiff Reliance Standard Life Insurance Company to the decedent Elizabeth Ware, it is hereby ORDERED:

The remaining disputed benefits in the amount of $21,000.00 shall be paid by Reliance Standard Life Insurance Company to _____. Further, Reliance Standard Life Insurance Company shall pay interest at the rate of 3% per year from May 3, 2007 until the date of the payment of the remainder of the policy proceeds.

 

_____
Judge Sue L. Robinson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RELIANCE STANDARD LIFE
INSURANCE COMPANY
:
:
:
Plaintiff            :    CIVIL ACTION NO. 07-655 SLR
:
v.                   :
:
JERMEASE ROSS and    :
TERESA GONZALEZ      :
:
Defendants           :

**CERTIFICATE OF SERVICE**

     I, George T. Lees, III, Esquire, hereby certify that on July 3, 2008, I electronically filed the foregoing Response of Reliance Standard Life Insurance Company to the Motion for Summary Judgment of Defendant Teresa Gonzalez with the Clerk of the Court via CM/ECF, which will send notification of such filing to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

BY CM/ECF:
Charles J. Durante, Esquire
Scott E. Swenson, Esquire
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899

     I further certify that on July 3, 2008, the foregoing document was served on the following persons as indicated below:

BY REGISTERED MAIL:
Jermease Ross
SBI #00354048
Howard R. Young Correctional Inst.
P.O. Box 9279
Wilmington, Delaware 19809

                                                      */s/ George T. Lees, III*
                                         George T. Lees, III, Esquire (I.D. # 3647)

2464100-1